UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OSCAR NOE RECINOS-GARCIA,<br>a/k/a "PSYCHO," et al.<br><br>Defendants. | Criminal No. 15-10338-FDS |

### GOVERNMENT'S RESPONSE TO
### REMAINING GROUP FOUR DEFENDANTS' OBJECTION TO
### <u>PRELIMINARY ORDER OF SEVERANCE</u>

The United States hereby responds to certain arguments raised in the "Remaining Group Four Defendants' Objection to Preliminary Order of Severance." *See* Dkt. No. 1094 (objections of Henry Santos-Gomez, Rafael Leoner-Aguirre, Hector Ramires, and Bryan Galicia-Barillas).

*First*, just as in any other large-scale criminal prosecution of individuals who participate in a common scheme or plan, co-defendants in racketeering cases may be charged and tried together if they participated in the affairs of the same enterprise. *See, e.g.*, *United States v. Zannino*, 895 F.2d 1, 16 (1st Cir. 1990) ("This court, and other courts of appeals, have consistently held that offenses committed pursuant to the same (charged) racketeering enterprise and conspiracy may be joined in a single indictment…."); *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991) ("Rule 8(b) provides substantial leeway to prosecutors who would join racketeering defendants in a single trial. The rule permits joinder of defendants charged with participating in the same racketeering enterprise or conspiracy, even when different defendants are charged with different acts…."). Indeed, defendants joined properly in one indictment *should* be tried together to the extent possible. *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are

indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."); *United States v. DeLeon*, 187 F.3d 60, 63 (1st Cir. 1999) ("This court's rule is that those who are indicted together should be tried together.") (citation and quotation omitted). Accordingly, any objection based on the Group Four Defendants wanting further clarity on the "organizing principle or explanation" supporting the trial groupings is without merit. The Group Four Defendants' participation in the same racketeering enterprise and conspiracy is all the explanation needed to try them together.[1]

*Second,* the government disagrees with the Group Four Defendants' contention that the Preliminary Order of Severance is premature. As the Court correctly noted in the preliminary order of severance, "Scheduling a matter of this complexity cannot be accomplished on short notice.... The Court must therefore begin to set aside blocks of time so that all participants can plan their schedules accordingly." Dkt. No. 1037. Speedy trial concerns also weigh in favor of scheduling some sub-group of defendants for trial at this stage. *See id.*

*Third*, an objection based on possible antagonistic defenses is unavailing. At this stage, the government is not aware of—and the defendants have not proffered—any antagonistic defenses. Importantly, "The law in this circuit is well settled; antagonistic defenses do not per se require severance, even if the defendants are hostile or attempt to cast the blame on each other. Antagonism of defenses requires severance only where the defenses are so inconsistent that the jury would have to believe one defendant at the expense of the other…" *United States v. Arruda*,

---

[1] Theoretically, the whole case could be tried together, but for the logistical difficulties of trying so many defendants at the same time. *See* Dkt. No. 1037, Preliminary Order of Severance, at p. 2 ("It is obvious that, absent further pleas, the case will have to be split into multiple parts for trial, if for no other reason than purposes of manageability.").

715 F.2d 671, 679 (1st Cir. 1983) (internal citations and quotations omitted). No delay or further severance is warranted based on the mere possibility of purported antagonistic defenses.

*Fourth*, given the strong preference in federal courts for joint trials, a severance should not be granted where "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also Richardson v. Marsh*, 481 U.S. 200, 207 (1987) (referencing the "almost invariable assumption of the law that jurors follow their instructions"). Courts routinely reject prejudicial spillover arguments such as the ones raised by the Group Four Defendants—including arguments about differences in roles and relative culpability, disparity in evidence, evidence admissible only against certain defendants, etc.—because limiting instructions routinely suffice to protect against the jury being unable to make a reliable judgment about guilt or innocence. *See, e.g.*, *United States v. Houle*, 237 F.3d 71, 75 (1st Cir. 2001) (rejecting arguments about spillover, unfair prejudice, and "guilty by association" atmosphere because, among other things, "the district court took adequate measures to safeguard against the possibility of spillover prejudice by repeatedly instructing the jury to consider the evidence separately as to each defendant"); *United States v. Houlihan*, 92 F.3d 1271, 1284 (1st Cir. 1996) ("As long as the district court limits the admission of the challenged evidence to a particular defendant or defendants, the other defendants cannot rewardingly complain unless the impact of the evidence is so devastating that, realistically, instructions from the bench cannot be expected to repair the damage.").

Here, the Group Four Defendants have not raised arguments that "demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." *United States v. DeLeon*, 187 F.3d 60, 63 (1st Cir. 1999) (affirming denial of severance motions). That burden on the defendants "means more than establishing that the defendant(s) might have [ ] a better chance of acquittal in a separate trial." *Id.* Indeed, the arguments raised by the Group Four Defendants

demonstrate "little beyond the type and degree of prejudice customary in virtually all high-profile trials of multiple defendants and charges." *United States v. Boylan*, 898 F.2d 230, 246 (1st Cir. 1990) (affirming denial of severance motion).  "Such 'garden variety' prejudice, in and of itself, will not suffice." *Id.* (further highlighting how the district court took effective measures to prevent any significant spillover, including by giving appropriate limiting instructions).  The Group Four Defendants have not identified any risks of pervasive prejudice and spillover beyond that which is typical in large-scale, racketeering cases, and the Group Four Defendants have not articulated why less drastic measures such as limiting instructions would not suffice.

*Fifth*, as to the objection that defendant Santos-Gomez should not be tried with the other Group Four Defendants because he belongs to the Hollywood Locos Salvatrucha ("HLS") clique while the others in this group belong to the Enfermos Criminales Salvatrucha ("ELS") clique, the government notes that Santos-Gomez is the only member of the HLS clique who remains a defendant in this case.  As such, the arguments raised by the Group Four Defendants cannot be addressed by regrouping Santos-Gomez—no matter which group Santos-Gomez is added to, he will be the sole member from a different clique added on for trial.  There is, however, nothing wrong with including members from different cliques in the same trial grouping.  *See infra* (citing law that defendants charged with participating in the same racketeering enterprise may be joined together).  All Group Four Defendants, including Santos-Gomez, are named in Count Two and charged with conspiracy to conduct enterprise affairs through a pattern of racketeering activity, and accordingly, grouping them together for trial is proper.  Notably, even if they were not all charged together in the same RICO count, they could *still* be tried together.  *See, e.g.*, *Houle*, 237 F.3d at 74-76 (affirming joinder and denial of severance for a defendant who was not charged in the RICO counts but whose acts were part of the pattern of racketeering activity).

*Finally*, as to the arguments raised by various counsel about scheduling conflicts, the government takes no position and defers to the judgment of the Court.

                                            Respectfully submitted,

                                            WILLIAM D. WEINREB,
                                            Acting United States Attorney

                          By:    /s/ Kunal Pasricha
                                Christopher Pohl
                                Peter K. Levitt
                                Glenn A. MacKinlay
                                Kunal Pasricha
                                Assistant United States Attorneys

Dated: June 9, 2017

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that the foregoing was filed through the Electronic Court Filing (ECF) system and will be send electronically to the registered participants as identified in the Notice of Electronic Filing.

                                      /s/ Kunal Pasricha
                                      Kunal Pasricha
                                      Assistant U.S. Attorney